IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SSC BOVEE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:25-cv-00166 |
| FAIRWAY CONSTRUCTION CO., INC. | ) ) ) ) |
| Defendant. | ) |

**RESERVATION, ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT FAIRWAY CONSTRUCTION CO., INC.**

**PRELIMINARY STATEMENT**

**A.   BINDING ARBITRATION IS REQUIRED**

Plaintiff SSC Bovee Company claims against Defendant Fairway Construction Co., Inc. (hereinafter referred to as "Defendant" or "Fairway") are to be stayed while this matter is arbitrated. Plaintiff's claims are purportedly grounded in Fairway's alleged breach of a construction contract that calls for all claims relating thereto to be resolved by binding arbitration. The provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1–14 (the "FAA"), mandate that Plaintiff's action against Fairway be stayed, and that Plaintiff be required to proceed against Fairway in binding arbitration. By filing this Answer to Plaintiff's Verified Compliant For Damages, Fairway does not waive, and expressly reserves, its rights to have Plaintiff's claims decided in binding arbitration. This Answer is being filed solely in an abundance of caution to preclude Plaintiff from contending that Fairway defaulted or otherwise failed to comply with the Federal Rules of Civil Procedure.

    **B.**    **INCORPORATION BY REFERENCE**

Fairway's Motion to Compel Arbitration, filed this same date, is incorporated herein by reference, as if fully set forth herein.

    **C.**    **NO WAIVER OF ARBITRATION**

By Filing this Answer, Fairway does not waive, compromise, or relinquish, in whole or in part, its rights and intent to have Plaintiff's claims decided in binding arbitration.

    **D.**    **RESERVATION OF RIGHTS**

Fairway expressly reserves its rights to have Plaintiff's claims decided in binding arbitration.

**ANSWER TO COMPLAINT FILED SUBJECT TO PRELIMINARY STATEMENT**

Fairway, by and through its counsel, files this, its Reservation, Answer and Affirmative Defenses to the Verified Complaint For Damages by Plaintiff and states as follows:

**FIRST DEFENSE**

Plaintiff's claims against Fairway are subject to a valid arbitration agreement. Fairway incorporates by reference herein its Preliminary Statement above and its Motion to Compel Arbitration.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim against Fairway upon which relief can be granted by this court.

**THIRD DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of release.

**FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, for failure of consideration.

**SIXTH DEFENSE**

Plaintiff's claims are barred in whole or in part but the doctrine of estoppel.

**SEVENTH DEFENSE**

Plaintiff's claims are barred by its failure to fulfill all conditions precedent to bringing this claim.

**ANSWER**

Without waiving any of the above defenses and incorporating said defenses herein by reference, Fairway responds to the numbered allegations in the Complaint as follows:

1.

On information and belief, Fairway admits the allegations contained in Paragraph 1 of the Complaint.

2.

Fairway admits the allegations contained in Paragraph 2 of the Complaint.

3.

Fairway admits the allegations contained in Paragraph 3 of the Complaint.

4.

Fairway admits the allegations contained in Paragraph 4 of the Complaint.

5.

Fairway admits the allegations contained in Paragraph 5 of the Complaint.

6.

Fairway admits the allegations contained in Paragraph 6 of the Complaint.

7.

Fairway denies the allegations contained in Paragraph 7 of the Complaint.

## THE CONTRACT

8.

Fairway admits the allegations contained in Paragraph 8 of the Complaint.

9.

Fairway admits the allegations contained in Paragraph 9 of the Complaint.

10.

Fairway denies the allegations contained in Paragraph 10 of the Complaint.

11.

Fairway denies the allegations contained in Paragraph 11 of the Complaint.

12.

Fairway denies the allegations contained in Paragraph 12 of the Complaint.

13.

Fairway denies the allegations contained in Paragraph 13 of the Complaint.

14.

Fairway denies the allegations contained in Paragraph 15 of the Complaint.

15.

Fairway denies the allegations contained in Paragraph 16 of the Complaint.

## COUNT ONE: BREACH OF CONTRACT

16.

Fairway admits the allegations contained in Paragraph 17 of the Complaint.

17.

Fairway denies the allegations contained in Paragraph 18 of the Complaint.

18.

Fairway denies the allegations contained in Paragraph 18 of the Complaint.

19.

Fairway denies the allegations contained in Paragraph 19 of the Complaint.

20.

Fairway denies the allegations contained in Paragraph 20 of the Complaint.

21.

Fairway denies the allegations contained in Paragraph 21 of the Complaint.

22.

Fairway admits that the contract between the Parties allows for the recovery of attorneys' fees of the prevailing party in a proceeding for the enforcement of the contract. Fairway denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.

Fairway admits that Plaintiff sent a letter using Federal Express dated February 4, 2025 that Fairway received on or about February 6, 2025. The letter speaks for itself. Fairway denies the remaining allegations contained in Paragraph 23 of the Complaint.

**COUNT TWO: FRAUD**

24.

Fairway denies the allegations contained in Paragraph 24 of the Complaint.

25.

Fairway denies the allegations contained in Paragraph 25 of the Complaint.

26.

Fairway denies the allegations contained in Paragraph 26 of the Complaint.

27.

Fairway denies the allegations contained in Paragraph 27 of the Complaint.

28.

Fairway denies the allegations contained in Paragraph 28 of the Complaint.

29.

Fairway denies any remaining allegations contained in the Complaint not specifically admitted herein.

**WHEREFORE**, having answered the claims alleged in the Complaint, Fairway respectfully prays for the following relief:

(a) That this Court stay this action and compel the disputes to be resolved by binding arbitration in accordance with the Parties' contract;

(b) That all claims against Fairway be dismissed, with prejudice, and that judgment be entered in favor of Fairway and against Plaintiff;

(c) That Fairway be awarded its costs in this action;

(d) That Fairway be awarded its reasonable attorneys' fees as may be determined by this Court; and

(e) That the Court award Fairway such other and further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of April 2025.

| | |
|---|---|
| KILPATRICK TOWNSEND<br>   & STOCKTON LLP<br>1100 Peachtree Street NE, Suite 2800<br>Atlanta, Georgia 30309-4530<br>Telephone: (404) 815-6500<br>Facsimile: (404) 815-6555<br>krichardson@ktslaw.com<br>dkjohnson@ktslaw.com | s/ Keith L. Richardson<br>Keith L. Richardson<br>Georgia Bar No. 604100<br>Daniel K. Johnson<br>Georgia Bar No. 280571<br><br>*Counsel for Defendant Fairway Construction Co., Inc.* |

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served upon counsel for Plaintiff by U.S. Mail], postage pre-paid:

> Douglas H. Dean
> Dean Thaxton, LLC
> P.O. Box 5005
> Cordele, Georgia  31010

This 23rd day of April 2025.

|  |  |
|---|---|
| KILPATRICK TOWNSEND<br>  &STOCKTON LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, Georgia 30309<br>(404) 815-6500<br>(404) 815-6555 (facsimile)<br>kricharson@ktslaw.com | s/ Keith L. Richardson<br>Keith L. Richardson<br>Georgia Bar No. 604100<br><br><br><br>Counsel for Defendant Fairway Construction Co., Inc. |